Martin v. Printz.

---

## OSCAR MARTIN, Respondent, v. ARTHUR G, PRINTZ, Appellant.

St. Louis Court of Appeals, December 8, 1914.

1. **CONTRACTS: Varying Written Contract: Parol Evidence: Instruments Within Rule.** A receipt for money, which recited that the money was to be invested in a deed of trust, was not a contract within the rule which forbids the contradiction or alteration of a written contract by parol evidence, but was merely a memorandum constituting evidence of the original oral agreement between the parties, whereby it was agreed that the money should be invested in a deed of trust, and was subject to explanation by parol evidence.

2. **STATUTE OF FRAUDS: Agreements Not Within Statute.** A contract under which plaintiff delivered money to defendant, to be invested in a deed of trust, was not one required to be in writing by the Statute of Frauds, since it constituted a mere agreement as to what disposition defendant was to make of plaintiff's money, acting as his agent.

3. **CONTRACTS: Modification of Written Contracts: Parol Evidence.** A contract which the Statute of Frauds does not require to be in writing may be varied or altered, even though it is in writing, by a subsequent parol agreement.

Martin v. Printz.

4. ———: ———: ———.  Plaintiff delivered money to defendant, under a contract which provided that defendant should invest the money for plaintiff in a deed of trust, and defendant executed a receipt reciting that the money had been received from plaintiff to be invested in a deed of trust. Defendant having failed to make the investment, plaintiff brought suit for the amount given to defendant, and defendant sought to defend on the ground that the contract had been modified so as to permit him to invest the money for plaintiff in another way, which he had done, but the court excluded the evidence offered in support of this defense. *Held*, that the receipt was not a contract, and that, even if it were, it could have been modified by a subsequent parol agreement, as the Statute of Frauds does not require a contract of this character to be in writing, and hence the court erred in excluding the testimony.

5. **APPELLATE PRACTICE:** Conclusiveness of Findings. In an action at law, tried to the court, where no findings of fact are made and no declarations of law are requested or given, the judgment will be affirmed, unless it is so manifestly erroneous that it cannot be sustained on any theory supported by the evidence, or unless the trial court committed prejudicial error in its rulings.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

Reversed and remanded.

*Koenig & Koenig* for appellant.

(1) The instrument sued on in this case is not a contract. It lacks the elements of a contract and is nothing more than a receipt. A memorandum of a contract which does not purport to be a complete expression of the entire contract is open to explanation by oral evidence. Hopkins v. Harlin, 110 Mo. App. 465. (2) Parties may by a subsequent oral agreement change the terms of their written contract, and evidence of such change is admissible. Cramer v. Nelson, 128 Mo. App. 393. (3) The rule that all prior and contemporaneous undertakings are merged in the written contract which may not be contradicted by parol evi-

dence, does not conflict with the rule that obligations of written contract may be waived by conduct of the parties occurring after its execution. Riley v. Insurance Co., 117 Mo. App. 229. (4) An oral contract for the sale of land, which has been completely executed, is not within the Statutes of Frauds, and a written contract may be abrogated by a subsequent verbal agreement entered into between the same parties. See v. Mallonee, 107 Mo. App. 721. (5) Plaintiff did not plead the Statute of Frauds in his reply to defendant's answer. And to be available as a defense in a court of record, the Statute of Frauds must be pleaded. Hackworth v. Zeitinger, 48 Mo. App. 32; Bless v. Jenkins, 129 Mo. 647. (6) Where a contract which the Statute of Frauds requires to be proved by writing has been clearly shown to have been fully performed, the performance takes it out of the operation of the statute. Maupin v. Railroad, 171 Mo. 187; Hall v. Harris, 145 Mo. 614. (7) It is immaterial that said Printz had no written agreement with said Martin, authorizing defendant to consummate the sale of the real property from Milentz et al. to said Martin, as defendant was acting merely as agent for plaintiff. Bird v. Blackwell, 135 Mo. App. 23.

*Wyrick & Eaken* for respondent.

The instrument sued upon was a sufficient writing to bring it within the requirements of a contract. It was a complete expression of the intent of the parties and was not a mere receipt. The contract need be signed only by the party to be charged. Ivory v. Murphy, 36 Mo. 534; Cunningham v. Williams, 43 Mo. App. 629; Smith v. Wilson, 160 Mo. 467. The memorandum must state the contract with reasonable certainty so that its essential terms can be ascertained from the writing itself without resort to parol evidence. Ringer v. Holtzclaw, 112 Mo. 519; Kelly v. Thuey, 143 Mo. 422.

The note or memorandum must contain the whole agreement. Rucker v. Harrington, 52 Mo. App. 481; Leesly Bros. v. Fruit Co., 162 Mo. App. 195.

ALLEN, J.—Plaintiff instituted this action for the recovery of $1000 alleged to have been received by defendant from plaintiff for the purpose of purchasing for the latter a deed of trust upon property in the city of St. Louis, and for which the defendant executed the following receipt:

"St. Louis, June 3, 1908. Received of Oscar Martin One Thousand and no/100 Dollars, to be placed on first deed of trust 5 per cent loan in Dixie Place, for 3 years.

"1000                        ARTHUR G. PRINTZ."

Plaintiff in his petition avers that defendant failed to so invest the money, and refused to repay the same to plaintiff.

The answer admits the execution of the receipt, but avers that, at plaintiff's instance and request, the money was used by defendant for plaintiff in part payment of the purchase price of a house and lot in the city of St. Louis.

The defendant is a real estate agent in the city of St. Louis; and plaintiff, who is a cousin of the defendant, placed in the latter's hands $1000 on or about June 3, 1908, for which defendant executed the receipt above set out. Plaintiff's testimony in chief went to show that defendant did not apply the money as agreed, and had ever refused to repay the same to plaintiff. And plaintiff denied that he had given defendant authority to otherwise invest the money.

On behalf of defendant it was sought to show that after the money had been placed in the defendant's hands it was agreed, and plaintiff directed, that it be used in the purchase of a house and lot; that the same was done, and a warranty deed to the property executed to plaintiff on February 1, 1909; and that plain-

tiff, on the last-mentioned date, executed a note for $1200 and six semi-annual interest notes, together with a deed of trust securing such notes, in order to complete the purchase of such property. Plaintiff, on cross-examination, admitted the execution of the notes, but denied having signed the deed of trust and claimed that if the title to the property was acquired in his name it was done without his knowledge or consent.

Defendant, as a witness in his own behalf, undertook to testify to the alleged subsequent agreement regarding the disposition of the money and plaintiff's directions in the premises, and to introduce in evidence the warranty deed and deed of trust above mentioned. The court, however, sustained objections to the admission of substantially all of the evidence thus sought to be introduced in support of the defense set up by the answer. It is unnecessary to refer to these rulings in detail. It is sufficient to say that the court excluded practically everything offered in support of this defense. The defendant thereupon rested; and, judgment going for plaintiff, defendant has brought the matter here for review.

Respondent's argument appears to be that the receipt constituted a written contract between the parties which could not be varied by parol. But there is clearly no merit in this. The receipt is not a written contract, though as a memorandum it constitutes evidence of the original oral agreement between the parties, subject, however, to explanation by parol testimony. Neither was the contract itself one required to be in writing under the Statute of Frauds, for it constituted a mere agreement as to what disposition the defendant was to make of plaintiff's money, acting as the latter's agent. And had the original contract been in writing, it could be varied or altered by a subsequent parol agreement between the parties.

It is said that plaintiff did not plead, or offer to prove, compliance with the original contract. This is

quite true; but defendant did plead, and sought to show, that the original agreement had been subsequently modified by the parties, in accordance with which defendant acted in investing plaintiff's money. This, if true, is a complete defense to plaintiff's claim. And the defendant was entitled to introduce the evidence brought forward by him to substantiate this defense, and which tended very strongly to support it. It was plainly error for the court to exclude this evidence.

But respondent urges that, as the case was tried without a jury and no findings of fact were made and no declarations of law requested or given, the judgment should be affirmed, unless it is so manifestly erroneous that it cannot be sustained upon any theory supported by the evidence. This is true, where no reversible error of law intervenes below. Here it is quite clear that reversible error was committed in the exclusion of evidence, whereby a perfectly valid defense sought to be introduced was altogether ruled out of the case and excluded from consideration.

The judgment must be reversed, and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.